Day, C. «J.
The decisive question in the ease is, whether either party had the right by law to demand a trial by jury. All the rulings complained of hinge upon the determination of this question.
It is claimed that after the Schwabs became defendants, the case ceased to be a civil action, and that it was then a statutory/ special proceeding merely, and that, therefore, neither party could of right demand a trial by jury.
The Schwabs were brought into the case under the provisions of the 42d section of the code. That section is as follows:
“Upon affidavit of a defendant before answer, in any action upon contract, or for the recovery of personal property, that some third party, without collusion with him, has or makes a claim to the subject of the action, and that he is ready to pay or dispose of the same, as the court may direct, the court may make an order for the safe keeping, or for the payment, or deposit in court, or delivery of the subject of the action, to such person as it may direct, and an order requiring such third party to appear in a reasonable time, and maintain or relinquish his claim against the defendant, if such third party being served with a copy of the order, by the sheriff, or such other person as the court may direct, fail to appear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein. If such third party appear, he shall be allowed to make himself defendant in the action, in lieu of the original defendant, who shall be discharged from all liability to either of the parties in respect to the subject of the action, upon his compliance with the order of the court for the payment, deposit, or delivery thereof.”
The ease, as between the original parties, was, undeniably, a civil action under the code; and it is provided by this section that such new party may “ make himself defendant in the action, in lieu of the original defendant.” It is very clear from this language, and the whole scope of the section, that it was not intended by this substitution of *343 the party defendant, to change the nature of the case from a civil action to a mere special proceeding, thereby depriving the parties of the rights incident to a trial in a civil action. The action remains, though the parties may be .changed: The issues to be tried may remain essentially the same as they would have been had there been no change of parties to the record, and the plaintiff surely can not be deprived by the change of defendants of the rights of a party to a civil action merely because he is forced to contend with a new and, perhaps, more formidable antagonist.
But if the case be regarded as a civil action, it is claimed that it is one for appeal to the District Court, and not for a second trial in the same court as matter of right. This, question is made by the statute to depend upon the right of either party to demand a trial of the case by jury. Where a jury may of right be demanded to try the issues of fact joined in an action originating in the Court of Common Pleas, a second trial maybe had in the same 'court (S. & C. Stat. 1155); and appeals to the District Court may be taken in such cases when a trial by jury can not by law be demanded. S. & C. Stat. 1157. A trial by jury.may be demanded of issues of fact arising in actions for the recovery of money, or of specific real or personal property. Code, sec. 263.
The original action in this case was for the recovery of money only, and from beginning to end the plaintiff has sought nothing but the recovery of money. Had the same issues now in the case arisen upon substantially the same facts pleaded by the original defendant to defeat a recovery, it can not be doubted but that either party might have demanded a trial by jury. How is the case changed by the substitution of the new parties defendant ? All they sought, as against the plaintiff, was a defeat of his recovery by way of defense. Succeeding in that, they were entitled to have the money in the hands of the court paid over to them on motion. A prayer for that purpose in their answer was not a necessary part of their case against the plaintiff. They needed no judgment or decree for the money against *344 him. Had the amount deposited in court been paid to the plaintiff, instead of defending against his right thereto, the defendants would have then been compelled to seek a judgment against him for the amount thus received by him for their use. But that wodld be essentially a civil action for the recovery of money, and would involve substantially the same issues now made in the ease by way of defense. The object sought by the action in either case is the recovery of money by one party or the other. Had the plaintiff received of Dixon the full amount of the note, and the action had been for the recovery of the sum now in controversy, as having been received for the use of the defendants, the issues being the same as now presented, beyond question, either party would have had the right to demand a jury trial. But the present case is in substance for the same thing, and there is no good reason why the parties are not as much entitled to have this case tried by a jury as they would have been in the case supposed.
The view we have taken of the case, both as to the character of the action after an affidavit is filed under the 42fi section of the code, and as to the right of the parties to demand a jury trial, is fortified by the fact that the provisions of the section extend to actions for the recovery of personal property, and, by the 43d section, are extended to actions brought against a sheriff, or other officers, for personal property taken on execution, or the proceeds of such property taken and sold by him. It is very clear that, in such cases, after the substitution of the new party, the case still remains a civil action, and, being for the recovery of money or specific personal property, issues of fact arising therein may of right be tried by a jury.
It follows that the plaintiff was not prejudiced by the rulings of the courts below.

Motion overruled.

McIlvaine, White, and Rex, JJ., concurring. Welch, J., not sitting.